LEIGHTON v. KNAPP.

(Supreme Court, Special Term, Monroe County. June, 1904.)

1. CORPORATIONS (§ 447*)—POWER OF CORPORATION TO INCUR INDEBTEDNESS.
   As all corporate acts which the Legislature has not authorized are prohibited, a corporation has no power to incur indebtedness, except that conferred by the act under which it is incorporated.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1786, 1788, 1807; Dec. Dig. § 447.*]

2. CORPORATIONS (§ 440*)—CORPORATE POWERS AND LIABILITIES—CONSTRUCTION OF CHARTERS AND ACTS OF INCORPORATION.
   Laws 1851, p. 234, c. 122, § 1, authorizes corporations formed thereunder to accumulate a fund for the purchase of real estate, the erection of buildings, or the making of other improvements on lands, or to pay off incumbrances thereon. Section 5 grants all corporations formed thereunder power to borrow money for temporary purposes not inconsistent with the objects of their organization, but forbids any loan for such purposes for longer than two years, or that such indebtedness shall exceed one-fourth of the aggregate amount of the shares and parts of shares and the income

---

thereof annually paid in and received. *Held*, that a purchase-money mortgage by a corporation would be enforceable.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1775–1777; Dec. Dig. § 440.*]

3. CORPORATIONS (§ 237*)—LIABILITIES OF STOCKHOLDERS—CORPORATE DEBTS—MORTGAGE DEFICIENCY.

Laws 1851, p. 234, c. 122, § 1, authorizes corporations formed thereunder to accumulate a fund for the purchase of real estate, the erection of buildings, or the making of other improvements on lands, or to pay off incumbrances thereon. Section 5 grants all corporations formed thereunder power to borrow money for temporary purposes not inconsistent with the objects of their organization, but forbids any loan for such purposes for longer than two years, or that such indebtedness shall exceed one-fourth of the aggregate amount of the shares and parts of shares and the income thereof annually paid in and received. *Held*, that the shareholders of a corporation are not individually liable for a deficiency on a purchase-money mortgage, where it is not shown that the mortgage was for an indebtedness authorized by the statute.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 907–910, 914–918, 923–929, 931–933; Dec. Dig. § 237.*]

4. CORPORATIONS (§ 268*) — ACTIONS TO ENFORCE STOCKHOLDER'S LIABILITY — COMPLAINT.

A complaint in an action to enforce a stockholder's liability, which does not show that the debt was one which the corporation was authorized to contract, is demurrable.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1133, 1134; Dec. Dig. § 268.*]

Action by William T. Leighton against Homer Knapp. Demurrer to the complaint sustained.

Fred M. Whitney, for plaintiff.
Ednor A. Marsh, for defendant.

NASH, J. "All corporate acts, which the Legislature has not authorized, remain prohibited by the common law." Morawetz on Corporations, § 648. The Leighton Lea Association, therefore, had no power or authority to incur indebtedness, except that which was conferred by the act under which it was incorporated. Chapter 122, p. 234, Laws 1851. The only provision of the act which authorized corporations formed under it to create indebtedness is section 5, which reads as follows:

"Sec. 5. All corporations formed under this act shall have power to borrow money for temporary purposes not inconsistent with the objects of their organization; but no loan for such purposes shall have a longer duration than two years, nor shall such indebtedness exceed at any one time one-fourth of the aggregate amount of the shares and parts of shares, and the income thereof annually paid in and received."

Section 1 of the act authorized corporations formed under it to accumulate a fund for the purchase of real estate, the erection of buildings, or the making of other improvements on lands, or to pay off incumbrances thereon. There is no expressed power to incur any indebtedness for any of the purposes mentioned, and none can be implied. The fund for the purchase of real estate must be accumulated in the manner expressly authorized by the statute. The purchase-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

money mortgage of the Leighton Lea Association was enforceable, both upon general principles of equity and upon the ground that the property purchased was applied to the proper use of the company. Morawetz, § 716.

The liability of the company upon the bond accompanying the mortgage, or to a judgment for deficiency, must be found, if at all, in the statute. The company cannot be held liable for the deficiency upon the equitable ground that the property has gone to swell its assets, for the land itself was the only asset acquired by its purchase. But whatever the rights of the holder of the bond or judgment for deficiency are as against the company for the recovery of the mortgage debt, the indebtedness is not one for which the shareholders of the association are individually liable. They are liable only for such debts as the association is expressly authorized to contract, money borrowed for temporary purposes as a loan, which shall not have a longer duration than two years, nor exceed at any one time one-fourth of the aggregate amount of the shares and parts of shares, and the income thereof actually paid in and received.

The complaint does not allege the aggregate amount of the shares paid in and the income received, or the amount of the indebtedness originally incurred upon the bond, nor its duration. Enough appears, however, to show that it exceeded the period allowed by the statute. It is sufficient, for the purposes of the question raised by the demurrer, that the complaint does not show any indebtedness for which the shareholders are individually liable.

Demurrer sustained, with costs.